**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DESIREE SHERWOOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No.  3:14-cv-2310 |
| | § | |
| PROCOLLECT, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S COMPLAINT**

DESIREE SHERWOOD ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD.,

alleges the following against PROCOLLECT, INC. ("Defendant"):

**INTRODUCTION**

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §

1692 *et seq*. ("FDCPA").

2.      Count II of Plaintiff's Complaint is based on Texas Statute, Finance Code, § 392.302

*et seq*. ("Texas Finance Code").

3.      Count III of Plaintiff's Complaint alleges that Defendant negligently, knowingly

and/or willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

("TCPA").

**JURISDICTION and VENUE**

4.      Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §

1692k(d), which states that such actions may be brought and heard before "any appropriate United

States district court without regard to the amount in controversy."

5.      Defendant conducts business and is located in the State of Texas thereby establishing personal jurisdiction.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

7.      Plaintiff is a natural person residing in Garland, Dallas County, Texas.

8.      Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3) and Texas Finance Code § 392.001(1).

9.      Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Texas Finance Code § 392.001(2).

10.      Defendant is a business entity with an office located at 12170 Abrams Rd., Suite 100, Dallas, Texas 75243.

11.      Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Texas Finance Code § 392.001(6).

12.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.      Prior to the filing of this Complaint, a third party placed an account with Defendant to collect monies from Plaintiff which were alleged to be owed and past due ("debt").

14.      The alleged debt arises from transactions that were for personal, family and/or household purposes as Plaintiff does not have any business related debts.

15.      In its attempts to collect the alleged debt, Defendant places telephone calls to Plaintiff ("collection calls") on her cellular telephone, at telephone number (469) 254-39xx.

16.      Plaintiff started receiving the collection calls from Defendant in or around October of

2

2013.

17.     Shortly after the collection calls began, Plaintiff answered and instructed Defendant to stop calling her.

18.     Despite Plaintiff's request, Defendant continues to place collection calls to her cellular telephone, calling Plaintiff approximately two (2) times per day.

19.     Upon information and belief, the collection calls are placed using an automatic telephone dialing system or other equipment capable of storing and producing telephone numbers at random or sequential periods ("auto dialer").

20.     Plaintiff never provided Defendant with her express authorization to call her cellular telephone.

21.     In fact, Plaintiff withdrew any actual or implied authorization shortly after the calls began.

22.     On or about April 21, 2014, Defendant placed a collection call to Plaintiff's cellular telephone while she was in at work.

23.     Plaintiff spoke with Defendant's employee who called Plaintiff "unprofessional" and informed Plaintiff that if she was not going to "take care of" the alleged debt that Defendant would have Plaintiff "[sent] to jail."

24.     On or about April 21, 2014, Defendant could not have had Plaintiff incarcerated if she did not agree to make a payment.

25.     Defendant made the aforementioned threat to either trick or scare Plaintiff into making a payment directly to Defendant.

26.     Plaintiff feels harassed by Defendant's continued collection calls to her cellular telephone.

27.     Defendant continues to place collection calls to Plaintiff on her cellular telephone to harass her into paying Defendant directly.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

28.     Defendant violated the FDCPA based on the following:

a.  Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt;

b.  Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly and/or continuously with intent to annoy, abuse, or harass Plaintiff;

c.  Defendant violated §1692e(4) of the FDCPA by representing to Plaintiff that non-payment would result in imprisonment;

d.  Defendant violated §1692e(10) of the FDCPA by using false representations and/or deceptive means in an attempt to collect the alleged debt.

WHEREFORE, Plaintiff, DESIREE SHERWOOD, respectfully requests judgment be entered against Defendant, PROCOLLECT, INC., for the following:

29.     Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

30.     Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

31.     Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED
## THE TEXAS FINANCE CODE

32.     Plaintiff repeats and re-alleges all of the above allegations herein.

33.     Defendant violated Texas Finance Code based on, but not limited to, the following:

   a.   Defendant violated § 392.301(a)(5) of the Finance code by threatening that

        Plaintiff would be arrested;

   b.   Defendant violated § 392.302(4) of the Finance code causing a telephone to ring

        repeatedly or continuously, or making repeated or continuous telephone calls,

        with the intent to harass Plaintiff;

   c.   Defendant violated § 392.304(a)(19) of the Finance code by using false

        representations and/or deceptive means to collect the alleged debt.

   WHEREFORE, Plaintiff, DESIREE SHERWOOD, respectfully requests judgment be

entered against Defendant, PROCOLLECT, INC., for the following:

34.     Injunctive relief pursuant to Texas Finance Code § 392.403(a)(1), to prevent

Defendant from further violating the Texas Finance Code;

35.     Costs and reasonable attorneys' fees pursuant to Texas Finance Code § 392.403(b);

and

36.     Any other relief that this Court deems appropriate.

## COUNT III:
## DEFENDANT VIOLATED
## THE TELEPHONE CONSUMER PROTECTION ACT

37.     Plaintiff repeats and re-alleges all of the above allegations herein.

38.     Defendant's actions alleged *supra* constitute numerous negligent violations of the

TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation

pursuant to 47 U.S.C. § 227(b)(3)(B).

39.     Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DESIREE SHERWOOD, respectfully requests judgment be entered against Defendant, PROCOLLECT, INC., for the following:

40.     Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

41.     Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

42.     All court costs, witness fees and other fees incurred; and

43.     Any other relief that this Honorable Court deems appropriate.

///

///

RESPECTFULLY SUBMITTED,

Dated: June 25, 2014                 By: /s/ Ryan Lee
                                         Ryan Lee
                                         Krohn & Moss, Ltd.
                                         10474 Santa Monica Blvd., Suite 405
                                         Los Angeles, CA 90025
                                         Tel: 323-988-2400 x241
                                         Fax: 866-861-1390
                                         rlee@consumerlawcenter.com

Adam T. Hill
Krohn & Moss, Ltd.
10 N. Dearborn St., 3rd Fl.
Chicago, IL 60602
Tel: 312-575-9428 x242
Fax: 866-861-1390
ahill@consumerlawcenter.com

*Attorneys for Plaintiff*